I concur with the majority's decision finding that plaintiff failed to conduct a reasonable job search after his termination with defendant-employer. Plaintiff's testimony that he applied for hundreds of jobs without sufficient documentation to support it is not credible. Further, the few job search examples plaintiff could testify to with any particularity were not comparable with the work plaintiff had performed for defendant-employer. Plaintiff testified that he began working with defendant-employer after his retirement and that he was not interested in any type of managerial position. However, plaintiff's job search efforts were directed towards six-figured, salaried jobs in business consulting, engineering, and managerial work. Further, plaintiff has been restricted to a one-hour driving limit yet plaintiff applied for positions that would require a commute of greater than one hour. Clearly, as the majority held, plaintiff did not undergo a reasonable job search following his termination from defendant-employer and has not proven a continuing disability based upon the second prong of theRussell factors.
However, I respectfully disagree with the majority's decision finding plaintiff is physically incapable of work in any employment as a consequence of the May 26, 2001 injury by accident and has therefore met his burden of proving continuing disability. The majority assigned more weight to the opinion of Dr. Woodburn that plaintiff is incapable of gainful employment. Dr. Woodburn provided no basis for this opinion. Dr. Woodburn is plaintiff's family physician who has treated plaintiff over the years for several conditions which are *Page 13 
unrelated to plaintiff's compensable injury. In fact, Dr. Woodburn referred plaintiff to Dr. Wheeless in November 2001 for treatment of plaintiff's compensable injury. Thereafter, Dr. Woodburn continued seeing plaintiff but treatment mainly consisted of conditions not related to the compensable injury. Dr. Woodburn testified that after his referral, Dr. Wheeless was the lead physician for plaintiff's rib condition from then on. Dr. Woodburn initially testified that plaintiff would have problems working because he could not do anything overhead and would need a restriction. Later, Dr. Woodburn testified that based on his six years of treating plaintiff and the diagnoses and complaints plaintiff has had, he believes plaintiff is not capable of gainful employment. Dr. Woodburn does not indicate which diagnoses or conditions or other factors led him to the conclusion that plaintiff was not capable of gainful employment.
The opinion of Dr. Wheeless regarding plaintiff's ability to work should be given more weight as Dr. Wheeless was the primary treating physician for plaintiff's compensable injury and his opinion was based upon his treatment of plaintiff, functional capacity evaluations and multiple exams. Dr. Wheeless is a board-certified orthopedic surgeon whom plaintiff was referred to by Dr. Wooburn for his compensable rib cage injury. Dr. Wheeless testified to a reasonable degree of medical certainty that plaintiff should have a 25 pound lifting restriction and a one-hour driving limit.
For these reasons, I believe that plaintiff has failed to provide sufficient, competent evidence to meet his burden of providing continuing disability after his termination from defendant-employer and I would deny any further indemnity benefits.
S/______________________ DIANNE C. SELLERS COMMISSIONER
 *Page 1